UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CINDY L. FOUT,

    Plaintiff,

v.                                                                        CASE NO. 3:15-cv-121-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of the Commissioner's decision denying her application for Supplemental Security Income ("SSI"). Plaintiff alleges she became disabled on January 30, 2003.[2] (Tr. 126, 777.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on October 20, 2010, at which Plaintiff was represented by an attorney. (Tr. 28-62, 550-81, 623-57.) By a decision dated November 8, 2010, the ALJ

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] The relevant period for deciding Plaintiff's claim for SSI is from December 2008, the month in which she filed her application, through the date of the ALJ's decision. *See* 20 C.F.R. §§ 416.330, 416.335.

found Plaintiff not disabled since December 16, 2008, the date of her application. (Tr. 14-23, 582-98.) The Appeals Council denied Plaintiff's request for review. (Tr. 1-6, 599-604.)

Plaintiff appealed the denial to this Court, and upon the Commissioner's unopposed motion for remand, the case was remanded on May 29, 2012. (Tr. 605-11.) The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings. (Tr. 612-16.) The ALJ held a supplemental hearing on August 26, 2014. (Tr. 481-549.) By a decision dated October 23, 2014, the ALJ found Plaintiff not disabled since December 16, 2008. (Tr. 451-80.) Plaintiff has exhausted her available administrative remedies and is appealing the Commissioner's decision that she was not disabled since December 16, 2008. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

   I.   **Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a

conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.     Discussion

Plaintiff raises two issues on appeal: (1) that the ALJ failed to consider the July 24, 2014 opinion from her mental health counselor, Sophia Mas, and (2) that the ALJ failed to apply the correct legal standards to the medical opinions of record.

On July 24, 2014, Ms. Mas completed a questionnaire, which is attached to Plaintiff's brief and is not a part of the administrative record. (Doc. 16-1 at 2-3.) In the questionnaire, Ms. Mas opined that Plaintiff had a depressive syndrome, a manic syndrome, a bipolar syndrome, generalized persistent anxiety, and recurrent severe panic attacks. (*Id.*) In addition, Ms. Mas opined that Plaintiff

had: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; marked limitations in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; marked limitations in the ability to interact appropriately with the public; and repeated episodes of decompensation each of extended duration. (*Id.*) She also opined that Plaintiff's impairments and limitations would exist even if Plaintiff completely abstained from substance abuse and would be expected to last or had lasted for at least twelve continuous months, precluding Plaintiff from performing any work activity on a reliable and sustained basis eight hours per day, five days per week. (*Id.*)

On August 25, 2014, the day before the supplemental hearing with the ALJ, Plaintiff's counsel submitted this questionnaire to ODAR. (Doc. 16-2.) However, at the August 26, 2014 hearing, the ALJ did not have this questionnaire or any of the other updated records that Plaintiff submitted from Flagler County Free Clinic, Stewart-Marchman-Act Behavioral Health Care ("Stewart-Marchman-Act"), and Florida Hospital Flagler. (Tr. 485-87, 524.) The ALJ left the record open for seven days to give Plaintiff an opportunity to resubmit these records. (Tr. 488.)

On August 28, 2014, Plaintiff's counsel resubmitted Ms. Mas's July 24, 2014 questionnaire to ODAR. (Doc. 16-3.) Nevertheless, the questionnaire did not become a part of the administrative record and there is no indication that the ALJ considered it before rendering a decision on October 23, 2014.

Plaintiff argues that this case should be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g), because the "ALJ indisputably failed to consider Ms. Mas's opinion." (Doc. 16 at 17.) Defendant responds that the standard for a sentence six remand should apply because the evidence was not considered by the Commissioner or included in the administrative record. Defendant argues that regardless of which standard is used, a remand is not warranted in this case because Ms. Mas's opinion is not material in that it is not likely to change the administrative result. Defendant points out that because Ms. Mas is not an acceptable medical source, the ALJ would not be required to explicitly consider or assign weight to her opinion, that Ms. Mas has failed to provide any support for or explanation of her opinions in the questionnaire in which she merely checked or circled answers on a form, that her opinion does not appear to be based on any evidence that was not before the ALJ, and that her opinion is inconsistent with the record evidence.

The undersigned agrees with Defendant that the standard for a sentence six remand should apply because Ms. Mas's questionnaire was not considered by the Commissioner or included in the administrative record. *See Timmons v.*

5

*Comm'r of Soc. Sec.*, 522 F. App'x 897, 903 (11th Cir. July 9, 2013) ("[B]ecause the Appeals Council failed to refer to Timmons's three additional letters in its decision and did not include them in the certified administrative record, those letters should be considered evidence submitted for the first time to the district court under sentence six of § 405(g)."); *Milano v. Bowen*, 809 F.2d 763, 766-67 (11th Cir. 1987) (treating the evidence submitted to the Appeals Council out of time as if it had been first presented to the district court and determining that the case should be evaluated under sentence six); *see also Cummings v. Comm'r of Soc. Sec.*, 165 F. App'x 809, 812 (11th Cir. Feb. 3, 2006).  Under this standard:

> [T]he claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level.

*Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Assuming that Ms. Mas's questionnaire is new, noncumulative evidence and that there was good cause for the failure to incorporate this evidence into the administrative record, the undersigned agrees with Defendant that the evidence is not material because there is no reasonable possibility that it would change the administrative result.  As an initial matter, the evidence reflects the opinion of a mental health counselor who is not considered an acceptable medical source, but rather an "other source."  *See* 20 C.F.R. §§ 416.913(a), (d).  Thus, the ALJ would not be required to assign and explain the weight given to Ms. Mas's

questionnaire. *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 892 (11th Cir. Sept. 24, 2014) (per curiam); *Voronova v. Astrue*, 2012 WL 2384414, *2 (M.D. Fla. May 7, 2012) (report and recommendation adopted by 2012 WL 2384044 (M.D. Fla. June 25, 2012)) ("Although the Eleventh Circuit has made clear that the ALJ has a duty to 'state with particularity the weight given to different medical opinions and the reasons therefor,' . . . Plaintiff has cited no case and the Court has found none, indicating that this duty pertains to opinions from a non-acceptable medical source[.]").

Although the ALJ may consider the questionnaire in determining the severity (rather than the existence) of Plaintiff's impairments and how it affects her ability to work, *McMahon*, 583 F. App'x at 892, 20 C.F.R. § 416.913(d), there is no reasonable possibility that it would change the administrative result because Ms. Mas merely checked boxes without providing support for her opinion. *See Hammersley v. Astrue*, 2009 WL 3053707, *6 (M.D. Fla. Sept. 18, 2009) ("[C]ourts have found that check-off forms . . . have limited probative value because they are conclusory and provide little narrative or insight into the reasons behind the conclusions.") (citing, *inter alia*, *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985)). Also, to the extent Ms. Mas opined that Plaintiff would be precluded from performing any work activity on a reliable and sustained basis eight hours per day, five days per week, her opinion would not be entitled to any special weight because it is on an issue reserved for

7

the Commissioner.  *See* 20 C.F.R. § 416.927(d).

Moreover, Ms. Mas's opinion in the questionnaire appears inconsistent with substantial evidence in the record on which the ALJ relied.  The ALJ found that Plaintiff had several severe impairments, including depression, anxiety, and a history of substance abuse.  (Tr. 454.)  The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work with the following mental limitations:

> Mentally she is precluded from performing complex tasks but is capable of performing simple, routine tasks consistent with unskilled work with concentration on those tasks for two-hour periods with normal breaks and a lunch.  She should avoid more than occasional interaction with the public, coworkers and supervisors.

(Tr. 456.)

The ALJ found that the record did not support more severe mental limitations given that Plaintiff's mental health examinations were generally normal, her mental health treatment was limited, she had a history of noncompliance with treatment recommendations, she had not required inpatient psychiatric care or prolonged psychiatric counseling (in fact, on many of the isolated episodes of hospitalizations, she was non-compliant with treatment and had increased symptoms when drinking large amounts of alcohol), her mental impairments were found to be non-severe by a State agency psychological consultant, and she was able to watch television, read Christian books, shop with a neighbor, use public transportation, and do some household chores.  (Tr. 463-

68.) Further, the ALJ found that the record did not support a marked limitation in Plaintiff's ability to interact with others (Tr. 465), because Plaintiff reported she got along well with authority figures, she had never been fired from a job due to interpersonal problems, she had not had problems getting along with family, friends and/or neighbors, she had demonstrated an ability to interact effectively at her doctor's visits and hospitalizations, and she had even been able to purchase benzodiazepines off the street, which required some level of social interaction (Tr. 179, 210, 342, 387, 850).

There is substantial evidence in the record to support the ALJ's conclusions. Despite her depressed and/or anxious mood, Plaintiff's mental health examinations were generally normal, her treatment was relatively limited, she had no psychiatric hospitalizations, she was frequently non-compliant with treatment recommendations, and there was evidence of alcohol/substance abuse exacerbating her symptoms.[3] (*See* Tr. 232, 249, 270, 330, 341-42, 366, 414 (overall moderate, not marked, limitations), 418 ("Not substantially limited due to psychiatric factors."), 423, 425, 431-33, 524, 962-64, 966, 970, 988 ("Cooperative, appropriate mood & affect."), 991, 1103, 1109, 1118-19, 1123-24,

---

[3] When Plaintiff reported she was taking her medication as prescribed, she stated the medication "doesn't agree [with] me," and reported side effects, such as increased depression, headache, nausea, and irritability. (Tr. 424; *see also* Tr. 1381.) However, a progress note from Stewart-Marchman-Act dated February 26, 2014 indicates that as Plaintiff's symptoms appeared to have increased in frequency, intensity, and duration, she recognized that medications would help her function better and wanted to resume treatment. (Tr. 1392.)

1168, 1173, 1177, 1230, 1313, 1342, 1363, 1374, 1377-78, 1383-84, 1388-89, 1401; *but see* Tr. 1163 ("Not cooperative. Not appropriate mood & affect."), 1362 (indicating, *inter alia*, vague reports of visual hallucinations, racing thoughts, mood swings, blunted affect), 1407 (indicating flattened affect, anxious and depressed mood, racing thoughts, overly abstract thinking, and paranoia).)

Also, in an April 13, 2009 Psychiatric Review Technique, Dr. Robin M. Johnson, a State agency consultant, found Plaintiff's mental impairments were not severe. (Tr. 318.) In addition, during a psychological evaluation on July 9, 2011, Vivian A. Loret de Mola-Roy, Ph.D. noted that Plaintiff was alert and oriented to the four spheres, her mood was neutral and her affect was consistent with her mood, her judgment and insight were adequate, her abstract thinking was good, and there was no evidence of a thought disorder or of any other psychotic process. (Tr. 1103.) Further, Plaintiff reported she was able to watch television, read books, shop with a neighbor, use public transportation, and do some household chores. (Tr. 292, 528-29, 1102.)

In addition, as Defendant points out, Ms. Mas's opinion in the questionnaire does not appear to be based on any evidence that was not before the ALJ. *See Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 880-81 (11th Cir. June 24, 2014) (rejecting a claimant's argument that remand was warranted for consideration of additional evidence submitted to the Appeals Council because, *inter alia*, the additional records appeared to be cumulative with previous

treatment notes that the ALJ had already considered). For example, on February 26, 2014, Ms. Mas stated:

> [Plaintiff's] emotional state is very mercurial, her thought process is disorganized making it hard to focus and much less attain gainful employment. At times she's relied on Church intervention to deal [with] her psychotic symptoms. She relies on renting a room to a disabled friend she thinks might be her boyfriend. She often does not have funds to purchase needed medications or transportation to doctor's appointments. Lives on the margins of society resulting in extreme vulnerability and lacking in mental stability. . . . [Plaintiff] is currently receiving mental health treatment. Outpatient medication management and mental health therapy.

(Tr. 1392.) Ms. Mas stated further:

> [Plaintiff] has a chronic mental health which manifests in mood swings from anger outbursts, irritability to depression, crying, anxiety and A/V Hallucinations. Although her follow-through has not been consistent her level of care will continue to need medication management & counseling to help her develop effective coping skills and remain compliant [with] mental health treatment while eliminating the alcohol abuse.

(Tr. 1397.)

The ALJ had access to these and other records from Stewart-Marchman-Act (*see, e.g.*, Tr. 1407), but nevertheless decided that Plaintiff was not as limited as these records suggest. As shown earlier, substantial evidence in the record supports the ALJ's decision. Therefore, Plaintiff has not shown a reasonable possibility that Ms. Mas's opinion in the questionnaire would change the administrative result.

Plaintiff's second argument is that the ALJ failed to apply the correct legal

11

standards to the opinions of Dr. Verones and Ms. Mas.  Specifically, Plaintiff argues that the ALJ failed to state with particularity the weight accorded to Dr. Verones's March 26, 2009 consultative opinion, and his reasons for apparently rejecting the opinion were not sufficient or supported by substantial evidence. With respect to Ms. Mas, Plaintiff argues that the ALJ failed to state and explain the weight he gave to her February 26, 2014 opinion.

With respect to Ms. Mas's opinion, as stated earlier, the ALJ was not required to assign and explain the weight given to the opinion of a non-acceptable medical source.  As stated earlier, the ALJ considered the totality of the evidence, including the February 26, 2014 records from Stewart-Marchman-Act and decided that Plaintiff was not as limited as these records suggest. Substantial evidence in the record supports the ALJ's decision.

Further, the ALJ's consideration of Dr. Verones's opinion does not warrant a remand.  Dr. Verones performed a psychological evaluation of Plaintiff on March 26, 2009.  (Tr. 290-93.)  Dr. Verones did not observe any unusual behaviors.  (Tr. 290.)  Dr. Verones noted that Plaintiff "served as the informant, and the information provided appeared to be sketchy."  (*Id.*)  Under "Mental Status Findings," Dr. Verones stated:

> Mood and Affect: The claimant indicates that she is sad, fearful, anxious and nervous.  She states that she had to hide behind sunglasses in a store because she gets so nervous. . . . During the interview, her affect was appropriate.

> Thought Content: She states that she has thoughts that she does not deserve to live and that she should give up and die. She states that these thoughts are coming from the devil and she resists them and fights them. She denied any suicidal thoughts.
>
> Thought Process: The claimant's thought processes were logical and coherent at the time of the interview.
>
> Sensorium and Cognition: Ms. Fout seemed to understand that she was being interviewed because of her application for disability insurance. She was oriented to person, and place, and time.
>
> Memory Recent and Remote: The claimant was able to count backwards from 20. She could count by 3s to only 30. She was able to recall 6 out of 6 digits but not in the correct order. She was unable to recall four digits backwards. She was able to recall what she ate yesterday. She was unable to report a recent news story of local interest.
>
> Hallucinations and Perceptual Disturbance: In the past, she has had auditory hallucinations, but now is having intrusive thoughts.
>
> Judgment and Insight: Claimant's judgment appears to be poor. Her insight into her own psychological functioning appears to be limited.

(Tr. 291-92.)

> Dr. Verones also stated:
>
> Daily Functioning: Ms. Fout reports that she struggles with insomnia and cannot adhere to a regular sleep schedule, and will become exhausted and nap. . . . She states that she tries to watch television, but has a hard time staying focused because of intrusive thoughts. She states that she tries to read, but cannot stay focused on this either. She will go to the neighbor's house to use their telephone. She does not socialize much. She states that she tried to go to church, but has had panic attacks there. . . . She does her own cooking, cleaning and laundry, but admits that she puts little effort into this. She spends the day at home alone. She does not like to go out at night.

>Functional Ability: The claimant appears to [sic] functioning only marginally. Of concern is [sic] the intrusive thoughts she claims to be having. She is very isolated, and is not taking any psychotropic medications. She is in desperate need of psychiatric treatment. I suspect she is having some auditory hallucination, and she appears to be paranoid. She has a history of abuse and alcoholism. I do not think that she could manage the demands of any type of work at this time.

(Tr. 292-93.)

>The ALJ discussed Dr. Verones's opinions and stated:
>
>Dr. Verones [sic] opinion has been considered; however, there is a concern that the doctor relied too heavily on the claimant's subjective report of her symptoms and limitations, uncritically accepting as true most, if not all, of what the claimant reported. However, the medical evidence of record does not contain the type of significant clinical abnormalities one would expect if the claimant were as limited as alleged by the doctor. For example, on June 8, 2009, the claimant was diagnosed with Depressive Disorder and Alcohol Dependence in remission. She was assigned a global assessment of functioning (GAF) of 65 (Exhibit B12F/2), indicating no more than mild mental symptomology.
>What is more, in April 2009, a State agency psychological consultant reviewed the record and opined that the claimant's affective disorder, anxiety-related disorder, and substance addiction disorder was [sic] Not Severe (Exhibit B10F). . . .

(Tr. 464-65.)

Although the ALJ did not explicitly state the weight accorded to Dr. Verones's opinion, the ALJ provided specific reasons supported by substantial evidence for his apparent rejection of that opinion.[4] As shown by the above-quoted paragraphs from Dr. Verones's psychological evaluation, the ALJ correctly

---

[4] As a one-time examining doctor, Dr. Verones's opinion was not entitled to any particular weight. *Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986).

observed that Dr. Verones seemed to rely on Plaintiff's subjective reports as part of her Mental Status Findings and conclusions as to Daily Functioning. Further, as stated earlier, there is substantial evidence to support the ALJ's conclusion that the medical evidence of record does not contain the type of significant clinical abnormalities one would expect if the claimant were as limited as alleged by the doctor. As an example, the ALJ pointed to the June 8, 2009 progress note from Stewart-Marchman-Act where Plaintiff was assessed with a GAF score of 65, indicating no more than mild symptoms. (Tr. 366.) The ALJ also pointed to Dr. Johnson's Psychiatric Review Technique of April 13, 2009, in which she opined that Plaintiff's mental impairments were not severe. (Tr. 318.)

To the extent Plaintiff argues that the ALJ's reasons for the apparent rejection of Dr. Verones's opinion are insufficient, it appears that Plaintiff is asking the Court to re-weigh the evidence. However, the Court does not re-weigh the evidence, make independent factual determinations, or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Based on the foregoing, the undersigned recommends that the ALJ's rejection of Dr. Verones's opinion is supported by substantial evidence and the ALJ's failure to explicitly state the weight given to this opinion is at most a harmless error.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 23, 2015.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record